IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FILED**

**4:20 pm Aug 10 2026**

**Clerk U.S. District Court**
**Northern District of Ohio**
**Cleveland**

GREG ERTLE,  ) Case No. 1:26-cv-1195
                      )
Plaintiff,  )
                      )
                      ) JUDGE DAN AARON POLSTER
v.  )
                      )
                      ) **MEMORANDUM OF OPINION**
DELAWARE K PROPERTIES, LLC,  ) **AND ORDER**
                      )
Defendant.  )
                      )

**INTRODUCTION**

*Pro se* Plaintiff Greg Ertle filed this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 against Delaware K Properties, LLC ("Delaware Properties"). He claims that the Defendant knew he was not the responsible party and continued to attempt to collect a debt. He asserts this is a violation of the FDCPA. He asserts state law claims as well. He asks this Court to enjoin Delaware Properties from pursuing claims against him relative to the property in dispute, and award him monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc No. 4). That Application is granted.

**BACKGROUND**

This matter has an extensive litigation history that predates the filing of this Complaint. It began with a foreclosure action filed in the Summit County Court of Common Pleas. *See Third Federal Savings & Loan v. Gregory M. Ertle, Trustee Carol Ertle Trust,*

No. CV-2023-08-3238 (Summit Cty Comm. Pl. Ct. May 10, 2024). Carol Ertle is deceased. Although Plaintiff was the trustee of her trust, it appears he may also have been a residual beneficiary of the trust as he was residing in the home at the time of the foreclosure. The Common Pleas Court granted Third Federal Savings & Loan a judgment in foreclosure and scheduled the property for sheriff's sale.

Just prior to confirmation of the sale of the property, Plaintiff entered an agreement with Delaware Properties in which Delaware Properties purchased the property and then agreed to sell it back to Plaintiff through a land contract. Delaware Properties purchased the property as agreed and title transferred to it in the foreclosure action. Plaintiff, however, decided that he did not want to pursue the land contract and claims he rescinded the agreement on the same day that he entered into it. He, however, continued to reside on the property without paying rent or the land contract installment payments.

Delaware Properties filed an eviction action against Plaintiff in the Stow Municipal Court on April 30, 2026. *See Delaware K. Properties LLC v. Ertle*, No. 2026CV1679 (Stow. Mun. Ct. July 9, 2026). They sought only rescission of the land contract, and restitution of the property. Plaintiff attempted to stay the writ of restitution, telling the Court that he was actively disputing the validity of the land contract in federal court. He then filed this action on May 22, 2026 asserting claims under the Fair Debt Collection Practices Act ("FDCPA"). He supplied proof of filing this case to the Stow Municipal Court and asked the Municipal Court to stay the eviction. He also asked this Court to issue a temporary and permanent restraining Order prohibiting Delaware Properties from attempting to collect the debt and from pursuing any claims related to the land contract. Because this federal case was filed after the eviction action, the Municipal Court declined to stay the eviction action. The

2

Municipal Court granted the writ of restitution on May 26, 2026.  Plaintiff appealed that decision to the Ohio Ninth District Court of Appeals and asked the Appellate Court to stay the writ pending appeal.  The Court declined to stay the writ on July 17, 2026; however, the appeal is still pending.

On July 30, 2026, Plaintiff filed an action against Delaware Properties in the Summit County Court of Common Pleas asserting claims of fraud, rescission and wrongful eviction, and seeking to quiet title to the property.  *See Ertle v. Delaware K Properties, LLC,* No. 2026-07-3123 (Summit Cty Comm. Pl. Ct. July 21, 2026).  That action is still pending as well.

In this action, Plaintiff states, without explanation, that he has no ownership interest or legal connection to the property.  He claims that the efforts of Delaware Properties to remove him from the property constitute a debt collection.  He states that Delaware Properties "knew or should have known that Plaintiff was not the correct individual."  (Doc. No. 1 at PageID #: 2).  He claims the eviction action is false, deceptive and a misleading representation in connection with the collection of a debt in violation of 15 U.S.C. § 1692e.  He also asserts four other claims that arise under Ohio law.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or

3

fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

As an initial matter, these claims are barred by *res judicata*. The term "*res judicata*" literally means "a matter [already] judged." BLACK'S LAW DICTIONARY (11th ed. 2019). The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). When one court has already resolved the merits of a case, another court will not revisit them. *Id*. The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660

(6th Cir. 1990).  It bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action.  *Id*.  Furthermore, *res judicata* bars Plaintiff from relitigating in federal court claims and issues that were previously decided by a state court.  *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

The doctrine of *res judicata* consists of two separate preclusion concepts, issue preclusion and claim preclusion. *Heyliger v. State Univ. and Cmty. Coll. Sys. of Tenn.*, 126 F.3d 849, 852 (6th Cir. 1997).  Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.  *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001).  Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim.  *Id*.

Plaintiff asserts in his Complaint, without explanation, that Delaware Properties knew or should have known he had no ownership, responsibility, or legal connection to the property when they initiated the eviction action.  It is unclear what type of assertion he is attempting to make.  In his latest complaint that he filed in state court against Delaware Properties, he asserts that the property's chain of title is impaired because he lacked authority as trustee of the Carol Ertle Trust, to sell the property to Delaware Properties and therefore Delaware Properties  did not acquire valid, marketable title to the property sufficient to support the contract, the eviction proceeding, or any claim of possession superior to Plaintiff's.  *Ertle v. Delaware K Properties, LLC,* No. 2026-07-3123 (Summit Cty Comm. Pl. Ct. July 21, 2026) (Compl. at Page No. 2. Paragraph 12).  It is possible that Plaintiff is attempting to make that

5

argument in this case.  It is also possible that he simply is asserting that he is under no obligation to pay anything to Delaware Properties to continue to live on the property because he rescinded the land contract.  Regardless of which argument Plaintiff is attempting to make in this case, however, it is barred by the doctrine of issue preclusion.

The State Courts have already determined the extent of Plaintiff's interest and Delaware Properties' interest in the property.  The foreclosure action determined that the property in question was subject to a mortgage and that mortgage had not been paid.  The judgment in foreclosure was granted; however, Third Federal Savings & Loan permitted Plaintiff to sell the property to Delaware Properties as long as the amount owed on the mortgage was satisfied.  As part of that sale, Plaintiff, either in his capacity as Trustee or as a person with an ownership interest in the property, executed a deed conveying title of the property to Delaware Properties on January 9, 2024.  The proceeds of that sale went to Third Federal Savings & Loan to pay off the remaining balance on the mortgage with the interest that was owed in the foreclosure judgment.  After accepting that payment to satisfy the mortgage debt, Third Federal Savings & Loan asked the Court to vacate the sheriff's sale and dismiss the foreclosure case without prejudice.  The issue of ownership of the property was resolved during the foreclosure action with the sale of the property, the satisfaction of the mortgage, and the transfer of title.

Furthermore, the eviction action also directly resolved the issue of ownership and title of the property.  Delaware Properties agreed to sell the property back to Plaintiff under a land contract.  Plaintiff admits he signed the land contract but claims he then regretted that decision and rescinded the land contract that same day.  Recission of the land contract, however, did not also rescind the sale of the property to Delaware Properties in the foreclosure action.  If

that sale had been canceled, the payment would have been returned to Delaware Properties and Third Federal Savings & Loan would simply have asked the Common Pleas Court to reopen the case and proceed with the sheriff's sale.  There is no scenario in which Plaintiff walks away with the mortgage debt paid by Delaware Properties and full fee simple title to the property in his name, without any additional payment obligation to either Third Federal Savings and Loan or Delaware Properties.  Moreover, the Municipal Court specifically found that Delaware Properties is the owner of the property when it granted the writ of rescission. That issue cannot be relitigated in this Court.

The Municipal Court also found, and Plaintiff does not dispute, that Plaintiff lived in the property without paying rent or installment payments.  Regardless of whether Plaintiff rescinded the land contract or whether the land contract remained in effect, the Court determined that Plaintiff had no ownership interest in the property and was not entitled to remain there free of charge.  The Court then granted the Writ of Restitution.  The doctrine of *res judicata* bars Plaintiff from claiming that he was the wrong party in the eviction action.

Even if this case were not barred by *res judicata*, Plaintiff fails to state a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e.  He has not alleged facts suggesting that Delaware Properties attempted to collect a debt.  Thus far, they have only requested rescission of the land contract (which Plaintiff contends was already rescinded) and a writ of restitution of the property.  They are not seeking payment of the money owed for the installment payments under the land contract and/or rent.  They simply want unencumbered possession of the property for which they paid and were granted title during the foreclosure action.

Furthermore, the FDCPA applies only to debt collectors. A "debt collector" is defined by the statute as "any person … who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6). Delaware Properties would be the creditor if it were attempting to collect any money owed under the land contract or unpaid rent. The statute specifically excludes the creditor from the definition as a debt collector. 15 U.S.C. §1692a(6)(A). *See MacDermid v. Discover Financial Services,* 488 F.3d 721, 734-35 (6th Cir. 2007) (stating that a creditor is not a debt collector for the purposes of the FDCPA). The FDCPA does not apply in this case.

Finally, Plaintiff's remaining claims arise, if at all, under state law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id*. at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id*. Having dismissed Plaintiff's claims under federal law, the Court declines supplemental jurisdiction to hear his state law claims.

### CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Dated: August 10, 2026

_____
United States District Judge

8